UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

AMY CHENG,
a/k/a "Amy Zhou,"
XIAO MEI CHAN,
a/k/a "Carmen,"
CHRISTINE LU,
a/k/a "Lily,"
JING YAN YE,
a/k/a "Serene,"
XIAO YAN CHEN,
a/k/a "Anna,"
GANG ZHENG,
a/k/a "Michael,"
a/k/a "Mike,"
ANTHONY CHENG,
MICHELLE DUENAS,
ANGELA DUENAS,
SIGRID CETINO, and
ERIKA JOHNSON,

Defendants.

**Protective Order**

**26 Cr. 329 (NSR)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. The defense may also disclose materials, as required, pursuant to Federal Rule of Criminal Procedure 16 or 26.2, or other defense disclosure obligations, and such material shall be referred to herein as "Defense Materials."

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity. Certain of the Defense Materials, referred to herein as "Defense Sealed Material," may contain information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of

ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

9. A Coordinating Discovery Attorney ("CDA") has been appointed by the Court. (Dkt 90.) The CDA will not submit any Disclosure Materials to third parties not contracted or approved to receive such materials for the purpose of providing litigation support services under this Protective Order.

10. **Restrictions on Use of Artificial Intelligence Tools to Process Disclosure Materials.**

a. "AI tool" means any automated system that uses machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

b. The defense team will not submit Disclosure Materials to a publicly accessible version of an AI tool. The defense team will not submit Disclosure Materials to an AI tool for which the AI tool provider or vendor (e.g., OpenAI, Anthropic, Microsoft, Google) uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data. Publicly accessible AI tools pose unique risks to the security and integrity of Disclosure Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. The defense may submit Disclosure Materials to an AI tool (i) that maintains the confidentiality of Disclosure Materials; (ii) that will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials; (iii) that will not retain or use any Disclosure Materials for model training; and (iv) all Disclosure Materials will be removed from the AI tool(s) at the conclusion of this case.

d. The Government will not submit Defense Materials to a publicly accessible version of an AI tool. The Government will not submit Defense Materials to an AI tool for which the AI tool provider or vendor uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data.

e. The Government may submit Defense Materials to an AI tool (i) that maintains the confidentiality of Defense Materials; (ii) that will not expose any Defense Materials to third parties not authorized under this Protective Order to receive such materials; (iii) that will not retain or use any Defense Sealed Materials for model training; and (iv) all Defense Materials will be removed from the AI tool(s) at the conclusion of this case.

**Other Provisions**

11. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

12. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

14. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible

or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

15. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received or anticipates receiving, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained or is anticipated to be obtained from each of the above-named defendants. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

16. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

17. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

[CONTINUED ON THE NEXT PAGE]

**Retention of Jurisdiction**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________ Date: 9/15/2026
Anthony P. Ferrara
Jake Sidransky
Reyhan Watson
Assistant United States Attorney

/s/ John S. Wallenstein/APF Date: 9/15/2026
John S. Wallenstein
Counsel for Amy Cheng

______________________ Date: ______________________
Lawrence Martin Fisher
Counsel for Xiao Mei Chan

______________________ Date: ______________________
Lina Li
Counsel for Christine Lu

______________________ Date: ______________________
Howard Alan Schwartz
Counsel for Jing Yan Ye

______________________ Date: ______________________
Donna Rita Newman
Counsel for Xiao Yan Chen

______________________________ Date: ______________________
Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

______________________________ Date: ______________________
Angelo Gerard MacDonald
Counsel for Anthony Cheng

______________________________ Date: ______________________
Jill R. Shellow
Counsel for Michelle Duenas

______________________________ Date: ______________________
Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

/s/ Francis Lee O'Reilly/APF Date: 9/15/2026
Francis Lee O'Reilly
Counsel for Sigrid Cetino

______________________________ Date: ______________________
Michael Kennedy Burke
Counsel for Erika Johnson

______________________________ Date: ______________________
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

______________________________
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________________ Date: ____________________
Anthony P. Ferrara
Jake Sidransky
Reyhan Watson
Assistant United States Attorney

______________________________ Date: ____________________
John S. Wallenstein
Counsel for Amy Cheng

______________________________ Date: 9/14/26
Lawrence Martin Fisher
Counsel for Xiao Mei Chan

______________________________ Date: ____________________
Lina Li
Counsel for Christine Lu

______________________________ Date: ____________________
Howard Alan Schwartz
Counsel for Jing Yan Ye

______________________________ Date: ____________________
Donna Rita Newman
Counsel for Xiao Yan Chen

**Retention of Jurisdiction**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________________ Date: ______________________
Anthony P. Ferrara
Jake Sidransky
Reyhan Watson
Assistant United States Attorney

______________________________ Date: ______________________
John S. Wallenstein
Counsel for Amy Cheng

______________________________ Date: ______________________
Lawrence Martin Fisher
Counsel for Xiao Mei Chan

______________________________ Date: September 14, 2026
Lina Li
Counsel for Christine Lu

______________________________ Date: ______________________
Howard Alan Schwartz
Counsel for Jing Yan Ye

______________________________ Date: ______________________
Donna Rita Newman
Counsel for Xiao Yan Chen

**Retention of Jurisdiction**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________________ Date: ______________________
Anthony P. Ferrara
Jake Sidransky
Reyhan Watson
Assistant United States Attorney

______________________________ Date: ______________________
John S. Wallenstein
Counsel for Amy Cheng

______________________________ Date: ______________________
Lawrence Martin Fisher
Counsel for Xiao Mei Chan

______________________________ Date: ______________________
Lina Li
Counsel for Christine Lu

Howard A. Schwartz Date: Spetember 14, 2026
Howard Alan Schwartz
Counsel for Jing Yan Ye

______________________________ Date: ______________________
Donna Rita Newman
Counsel for Xiao Yan Chen

**Retention of Jurisdiction**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: ______________________________ Date: ______________________
Anthony P. Ferrara
Jake Sidransky
Reyhan Watson
Assistant United States Attorney

______________________________ Date: ______________________
John S. Wallenstein
Counsel for Amy Cheng

______________________________ Date: ______________________
Lawrence Martin Fisher
Counsel for Xiao Mei Chan

______________________________ Date: ______________________
Lina Li
Counsel for Christine Lu

______________________________ Date: ______________________
Howard Alan Schwartz
Counsel for Jing Yan Ye

Donna Newman Date: 9/14/2026
Donna Rita Newman
Counsel for Xiao Yan Chen

Jeffery Greco
______________________________ Date: 9-15-26
Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

______________________________ Date: ____________________
Angelo Gerard MacDonald
Counsel for Anthony Cheng

______________________________ Date: ____________________
Jill R. Shellow
Counsel for Michelle Duenas

______________________________ Date: ____________________
Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

______________________________ Date: ____________________
Francis Lee O'Reilly
Counsel for Sigrid Cetino

______________________________ Date: ____________________
Michael Kennedy Burke
Counsel for Erika Johnson

______________________________ Date: ____________________
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

______________________________
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

____________________________ Date: ____________________

Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

____________________________ Date: 9/15/24

Angelo Gerard MacDonald
Counsel for Anthony Cheng

____________________________ Date: ____________________

Jill R. Shellow
Counsel for Michelle Duenas

____________________________ Date: ____________________

Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

____________________________ Date: ____________________

Francis Lee O'Reilly
Counsel for Sigrid Cetino

____________________________ Date: ____________________

Michael Kennedy Burke
Counsel for Erika Johnson

____________________________ Date: ____________________

Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

__________________________________

THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

________________________ Date: ________________________

Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

________________________ Date: ________________________

Angelo Gerard MacDonald
Counsel for Anthony Cheng

Jill R. Shellow Digitally signed by Jill R. Shellow Date: 2026.09.14 19:05:45 -04'00'

________________________ Date: ________________________

Jill R. Shellow
Counsel for Michelle Duenas

________________________ Date: ________________________

Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

________________________ Date: ________________________

Francis Lee O'Reilly
Counsel for Sigrid Cetino

________________________ Date: ________________________

Michael Kennedy Burke
Counsel for Erika Johnson

________________________ Date: ________________________

Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

________________________

THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

______________________________ Date: ______________________
Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

______________________________ Date: ______________________
Angelo Gerard MacDonald
Counsel for Anthony Cheng

______________________________ Date: ______________________
Jill R. Shellow
Counsel for Michelle Duenas

______________________________ Date: 9/14/2026
Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

______________________________ Date: ______________________
Francis Lee O'Reilly
Counsel for Sigrid Cetino

______________________________ Date: ______________________
Michael Kennedy Burke
Counsel for Erika Johnson

______________________________ Date: ______________________
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

______________________________
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Date: ____________________

Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

Date: ____________________

Angelo Gerard MacDonald
Counsel for Anthony Cheng

Date: ____________________

Jill R. Shellow
Counsel for Michelle Duenas

Date: ____________________

Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

Date: ____________________

Francis Lee O'Reilly
Counsel for Sigrid Cetino

Date: ____________________

Michael Kennedy Burke
Counsel for Erika Johnson

Date: ____________________

Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September __, 2026

THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

____________________________ Date: ______________________
Jeffery Louis Greco
Eli Crozier
Counsel for Gang Zheng

____________________________ Date: ______________________
Angelo Gerard MacDonald
Counsel for Anthony Cheng

____________________________ Date: ______________________
Jill R. Shellow
Counsel for Michelle Duenas

____________________________ Date: ______________________
Esereosonobrughue Joy Onaodowan
Counsel for Angela Duenas

____________________________ Date: ______________________
Francis Lee O'Reilly
Counsel for Sigrid Cetino

____________________________ Date: ______________________
Michael Kennedy Burke
Counsel for Erika Johnson

*Julie de Almeida* Date: 9/14/2026
Julie de Almeida
Coordinating Discovery Attorney

SO ORDERED:

Dated: White Plains, New York
September 16, 2026

**The Clerk of the Court is kindly directed to terminate the motion at ECF No. 98.**

__________________________________
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE